**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| H.P., by and through his Parents and Guardians, N.P. and S.P., | ) | |
| Plaintiffs/Counter-Defendants/Appellees, | ) | |
| | ) | Case No. 1:23-cv-07103 |
| v. | ) | |
| | ) | Judge Manish S. Shah |
| BOARD OF EDUCATION OF OAK PARK AND RIVER FOREST HIGH SCHOOL DISTRICT 200, | ) | |
| Defendant/Counter-Plaintiff/Appellants. | ) | |

**SCHOOL DISTRICT'S MOTION TO STAY**
**JUDGE SHAH'S ORDER AND JUDGMENT AND**
**LOCAL RULE 54.3 ATTORNEYS' FEES PROCEEDINGS PENDING APPEAL**

Defendant/Counter-Plaintiff/Appellant, Board of Education of Oak Park & River Forest High School District No. 200 ("Appellant" or "District"), by and through its attorneys, Jennifer A. Smith and Kristen R. Kinast of Franczek P.C., hereby respectfully moves this Court to stay enforcement of Judge Shah's order and judgement ("Order and Judgment") pending the District's appeal of the Order and Judgment. Specifically, the District respectfully requests the Court stay enforcement of Judge Shah's Order and Judgement, and order that the existing $100,000 security remain intact and not be disbursed during the pendency of the appeal. The District further requests that the Court stay all deadlines and pre-motion steps under Local Rule 54.3—including the exchange of fee and expense information, the joint statement, and the filing and briefing of any motion for attorneys' fees—until the conclusion of the District's and the Parents' appeals to the Seventh Circuit. In support thereof, the District states as follows:

## I. Introduction

This case came before the United States District Court for the Northern District of Illinois as a result of the District's timely appeal of an administrative ruling rendered by an Impartial Hearing Officer ("IHO") in a special education due process hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415.

On March 8, 2024, the District sought a stay of the IHO's order pending the District's appeal of that order. On May 20, 2024, Judge Shah granted in part the District's motion for a stay. (Dkt. 64). Specifically, while Judge Shah ordered the parties to develop an IEP and the District to fund the placement identified by the IEP team per the IHO's order,[1] Judge Shah stayed all other parts of the order. In order to secure this stay, Judge Shah ordered the District to post security in the amount of $100,000, which the District complied with.

The District filed its Notice of Appeal on September 28, 2026. The District appealed specific portions of Judge Shah's Memorandum Opinion and Order entered on August 31, 2026 (Dkt. 177) and the accompanying Judgment in Civil Case entered on August 31, 2026 (Dkt. 178). Specifically, he District's Notice of Appeal seeks review of, among other things, this Court's determinations concerning the appropriateness of the District's CITE placement, the appropriateness of Vista Life, the District's alleged violation of the IDEA's stay-put requirement, and the resulting determination that the District must reimburse the Parents for costs associated with H.P.'s placement at Vista Life.

The Parents filed their Notice of Cross-Appeal on October 1, 2026. (Dkt. 188.) The Parents' appeal seeks review of the entirety of Judge Shah's Order and Judgment.

---

[1] While the IEP team convened to discuss placement, the Parents decided to unilaterally place H.P., which directly contradicted the language of the order ("Plaintiffs must cooperate with the district in developing the IEP and must not unilaterally decide the residential placement.") (Dkt. 64).

The District respectfully requests that this Court stay enforcement of Judge Shah's Order and Judgment pending resolution of the District's appeal to the United States Court of Appeals for the Seventh Circuit. A stay of Judge Shah's Order and Judgment is required to preserve the fruits of a meritorious appeal based on the equities involved in this matter.

The District further requests that the Court stay the attorneys' fees procedures set forth in Local Rule 54.3 until the conclusion of both the District's and the Parents' appeals. Whether the Parents are "prevailing parties" entitled to fees under the IDEA—and, if so, the degree of success on which any fee award must be measured—depends on the outcome of those appeals. Proceeding with the Local Rule 54.3 process now would require the parties and the Court to litigate fees that may be rendered moot, or that may have to be recalculated, once the Seventh Circuit rules.

## II. District is Entitled to a Stay of the Judgment and Order Pending Appeal

### A. Federal Law Authorizes the Court to Stay Judgment Pending Appeal

Federal law expressly authorizes this Court to stay enforcement of a judgment while an appeal is pending. Federal Rule of Appellate Procedure 8 contemplates that a party seeking "a stay of the judgment or order of a district court pending appeal" ordinarily must first request that relief from the district court and likewise permits the district court to approve a bond or other security associated with the stay.

Federal Rule of Civil Procedure 62 similarly authorizes this Court to stay a judgment pending an appeal. In fact, Judge Shah previously recognized in this very case that Rule 62 permits a stay of enforcement upon court-approved security.

A court's decision on whether to stay an injunction pending an appeal is a discretionary one, determined by the following factors: 1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent

a stay; 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and 4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). When analyzing these factors, a "sliding scale" approach applies, such that a greater showing of one of the factors entitles the moving party to make a somewhat lesser showing of the others. *See, e.g., Thomas v. City of Evanston*, 636 F. Supp. 587, 591 (N.D. Ill. 1986).

These considerations favor preserving the status quo until the Seventh Circuit determines whether the portions of the Court's decision challenged by the District were correct.

***1. The District is Likely to Succeed on the Merits***

The District's appeal presents substantial legal issues concerning the scope and application of the *Individuals with Disabilities Education Act* and Illinois law to the unique set of facts in this case. The District need not demonstrate at this stage that reversal is certain. Rather, the purpose of the stay inquiry is to determine whether appellate review should occur before enforcement produces consequences that cannot later be undone.

The District has appealed several discrete aspects of the Order and Judgment, as set out in its Notice of Appeal, including, but not limited to, the determinations that CITE was not an appropriate placement, that Vista Life was an appropriate unilateral placement, and that the District violated the IDEA's stay-put requirements. The Parents appealed these issues and others. These issues present meaningful grounds for appellate review.

First, the District has substantial appellate arguments concerning the legal consequences of Illinois' expansion of special education eligibility and its interaction with federal law. Second, the District's appeal presents substantial issues concerning the nature and scope of the District's stay-put obligations during the disputed period. Third, the appropriateness of Vista Life and CITE

remains central to the appeal. These issues are critical given that they underlie the reimbursement obligation embodied in Judge Shah's Order and Judgment.

In short, these are not collateral or academic issues. They bear directly on whether the District is required to provide monetary reimbursement to the Parents. Therefore, the District has demonstrated a sufficiently substantial case on the merits to warrant preservation of the status quo while the Seventh Circuit resolves those questions.

***2. The District Will Suffer Irreparable Harm Absent a Stay***

If a stay is not granted, the District will be irreparably harmed as it will be required to expend unrecoverable public funds to reimburse Parents.

When such monetary expenditures cannot be recouped, the harm of such expenditures becomes irreparable. *See Susquenita School District v. Raelee S.*, 96 F.3d 78, 80-81 (3rd Cir. 1996) (acknowledging that school districts suffer irreparable harm when required to fund private school stay-put placements because they cannot recover funds for such placements even when they ultimately prevail on the merits); *see also Aaron M. v. Yomtoob*, 2003 WL 22836308 (N.D.Ill. 2003) (denying school district's motion for repayment of monies expended during stay-put based on the Seventh Circuit's reluctance to find school districts entitled to reimbursement for stay-put expenditures subsequent to prevailing on the merits). As a result, a stay is necessary to preserve the District's right to a meaningful appeal of a decision it considers to be erroneous. *Dist. of Columbia v. Masucci*, 13 F. Supp. 3d 33, 41 (D.D.C. 2014).

This same sentiment was shared by this Court in its May 20, 2024, order, where it concluded that payment to the Parents in this case, while the District's appeal of the IHO's order was pending, would constitute irreparable injury under the circumstances because the funds could not be recovered from the Parents if the District was successful in its appeal. (Dkt. 64).

That reasoning applies with even greater force now. The District timely appealed a number of the underlying determinations giving rise to the August 31, 2026 Order and Judgment. If the judgment is enforced before the Seventh Circuit adjudicates the appeal, the District will be required to pay the disputed funds notwithstanding the possibility that the Seventh Circuit subsequently concludes that reimbursement was not legally warranted. As this Court has already recognized, the resulting injury cannot simply be undone by requiring the Parents to repay the District after appeal.

Thus, absent a stay, the District faces the same irreparable injury that this Court previously found sufficient to justify staying retrospective monetary relief.

3. *Issuance of a Stay Will Not Substantially Injure H.P.*

H.P. will not be substantially injured if the Order is stayed, a conclusion that this Court already reached in its May 20, 2024, order. (Dkt. 64). After weighing the competing interests, this Court held that the Parents' injury from delaying reimbursement was not irreparable because the District could make the Parents whole following resolution of the litigation. Importantly, this Court distinguished prospective educational services, where delayed enforcement could deprive H.P. of an educational opportunity that could never be restored, from retrospective reimbursement, which could be paid later if the Parents ultimately prevailed. The present Order and Judgment falls into the latter category. The $32,243.52 monetary judgment arises from retrospective reimbursement obligations, and, therefore, staying collection of that amount pending appeal does not deprive H.P. of ongoing educational placement or current educational services. It merely postpones payment while the Seventh Circuit determines whether the underlying reimbursement determination for said payment was proper.

If the District loses its appeal, the monetary obligation can then be satisfied. Conversely, if the District prevails, payment now would impose the precise irreparable injury that this Court

previously identified. Therefore, the balance of harms strongly favors maintaining the status quo pending appeal.

#### *4. Public Interest Weighs In Favor of the School District*

In this case, public interest considerations weigh in favor of staying the Order and Judgment. The public has an interest in ensuring its funds are not irretrievably distributed pursuant to a judgment that remains subject to appellate review. The public also has an interest in ensuring that students with disabilities receive the protections to which they are legally entitled. A stay appropriately accommodates both interests. The stay does not impede or deprive H.P. and the Parents of recovery should they ultimately prevail upon appeal. Rather, it preserves the disputed funds while allowing the Seventh Circuit to determine whether the District is legally obligated to make the payment in the first place. This Court came to the same conclusion when it previously recognized that retrospective reimbursement could be stayed without inflicting irreparable harm on Plaintiffs, whereas payment to the Parents followed by reversal would inflict irreparable injury on the District because the funds could not be recovered.

Accordingly, public interest favors enforcement of a stay pending appeal.

### B. The Existing Security Protects H.P.'s Interest Pending Appeal

The existing $100,000 security more than protects H.P.'s interests pending appeal.

This Court previously ordered the District to post this amount in security as a condition of staying the IHO's order on the basis that this Court considered this an appropriate amount of security in connection with the stay. The subsequent August 31, 2026, Judgment is for $32,243.52, an amount substantially below the existing $100,000 security. Therefore, if the security remains in place, H.P.'s ability to recover the judgment following appeal is already protected, and,

consequently, there is no reason to distribute the funds before the Seventh Circuit completes its review.

In fact, distributing the funds prior to the Seventh Circuit's review would defeat the very purpose of the security that was already allowed. It is both reasonable and equitable to stay the Order and Judgment and maintain the security intact pending appeal, with funds to be disbursed only to the extent appropriate if H.P. prevails after appellate review and returned to the District to the extent and in a manner that is in line with the Seventh Circuit's determination. See, *Dale M. ex rel. Alice M. v. Bd. of Educ. of Bradley-Bourbonnais High Sch. Dist. No. 307*, 237 F.3d 813, 815 (7th Cir. 2001).

## III. The Court Should Stay the Local Rule 54.3 Attorneys' Fees Procedures Pending Resolution of the Appeals

Local Rule 54.3 establishes a multi-step process that must precede any motion for attorneys' fees. Unless the Court sets a different schedule, the respondent must then make reciprocal disclosures and identify any objections and the basis of those objections for over 1,200 billing entries; the parties must confer and identify which hours, rates, and expenses are disputed; the parties must prepare a joint statement no later than 70 days after judgment; and any fee motion must be filed within 91 days after judgment. N.D. Ill. L.R. 54.3(b), (d), (e).

By contrast, under the Seventh Circuit's current briefing schedule in Appeal No. 26-2984, the District's opening brief is due November 16, 2026, and briefing will not close until January 6, 2027, at the earliest. The Local Rule 54.3 deadlines will therefore expire long before the Seventh Circuit decides the issues on which any fee claim depends.

The Court has ample authority to defer these proceedings. Federal Rule of Civil Procedure 54(d)(2)(B) sets the default deadline for a fee motion "[u]nless a statute or a court order provides

otherwise," and the Advisory Committee expressly contemplated deferral where, as here, the merits are on appeal: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54(d)(2) advisory committee's note to 1993 amendment. Local Rule 54.3 likewise permits the Court to set a different schedule and to modify any of the time schedules the rule prescribes. N.D. Ill. L.R. 54.3(b), (d), (g). District courts have broad discretion in applying and enforcing their local rules. *Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011). Courts in this District have accordingly stayed "the deadlines contained in Local Rule 54.3 and all associated steps or motions until the conclusion of any appellate process." *See Equal Em. Opportunity Comission v. CVS Pharmacy, Inc.*, No. 14-cv-863, 2016 WL 4720020, at *1 (N.D. Ill. Sept. 9, 2016) (enforcing such a stay and setting the fee schedule only after the appellate process concluded).

A stay is warranted here. The IDEA permits an award of reasonable attorneys' fees only to a "prevailing party," (20 U.S.C. § 1415(i)(3)(B)(i)), and, even for a prevailing party, "the most critical factor" in determining a reasonable fee "is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). Both inquiries turn on the outcome of the pending appeals. The District's appeal challenges the very determinations on which any claim to prevailing-party status rests—the appropriateness of CITE, the appropriateness of Vista Life, the stay-put ruling, and the resulting reimbursement obligation. The Parents' appeal similarly challenges the determinations on which any claim to prevailing party status rests. If the Seventh Circuit reverses Judge Shah's Order and Judgment in whole or in part, any fee award entered now would have to be vacated or recalculated. If it affirms the Order and Judgment, the Parents are likely to seek

additional fees for the appellate proceedings, requiring a second round of fee litigation. Either way, proceeding now would force the parties and the Court to litigate fees at least twice and could spawn a separate appeal from the fee award—precisely the piecemeal litigation that deferral avoids.

Nor will a stay prejudice the Parents. A stay does not extinguish or diminish any right the Parents may have to seek fees; it simply postpones the Local Rule 54.3 process until the scope of any success is known. At the same time, a stay spares the District from expending additional public funds litigating a fee claim whose basis may not survive appeal. For these reasons, the District respectfully requests that the Court stay all deadlines and pre-motion steps under Local Rule 54.3, and the filing and briefing of any motion for attorneys' fees, until the conclusion of the District's and the Parents' appeals, with the Local Rule 54.3 deadlines to run anew from the date the Seventh Circuit issues its mandate.

## IV. Conclusion

Wherefore, for the reasons set forth above, the District respectfully requests that this Court grant its Motion to Stay Enforcement of Judge Shah's Order and Judgment pending resolution of the District's appeal to the Seventh Circuit and order the existing $100,000 security remain intact and not be disbursed during the pendency of the appeal; and stay all deadlines and pre-motion steps under Local Rule 54.3—including the exchange of information under L.R. 54.3(d), the joint statement under L.R. 54.3(e), and the filing and briefing of any motion for attorneys' fees—until the conclusion of the District's and the Parents' appeals to the Seventh Circuit, with such deadlines to run anew from the date the Seventh Circuit issues its mandate.

Dated: November 5, 2026

Respectfully submitted,

**BOARD OF EDUCATION OF**
**OAK PARK AND RIVER FOREST**
**HIGH SCHOOL DISTRICT 200,**
Defendant.

By: */s/ Jennifer A. Smith*
One of Its Attorneys

Jennifer A. Smith (jas@franczek.com)
Kristen Kinast (krk@franczek.com)
FRANCZEK P.C.
300 South Wacker Drive, Suite 3400
Chicago, Illinois 60606
(312) 986-0300
(312) 986-9192 (fax)

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **SCHOOL DISTRICT'S MOTION TO STAY JUDGE SHAH'S ORDER AND JUDGMENT AND LOCAL RULE 54.3 ATTORNEYS' FEES PROCEEDINGS PENDING APPEAL** to be filed with the Clerk of the Court using the CM/ECF system which will send notification to the following counsel of record this 5th day of November, 2026:

Zachary J. Freeman
Rachel Ellen Simon
MILLER SHAKMAN LEVINE & FELDMAN LLP
30 W. Monroe St., Suite 1900
Chicago, IL 60603
zfreeman@millershakman.com
rsimon@millershakman.com

*/s/ Jennifer A. Smith*